**Ronald J. Clark**, OSB #880328
E-mail:    ron.clark@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SABINO VELOZ,<br><br>    Plaintiff,<br><br> v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,<br><br>    Defendant. | Civil No.: 6:17-cv-00382-AA<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Oral Argument Requested** |

## I.  CERTIFICATION

Pursuant to L.R. 7-1, the parties made a good faith effort through telephone

conferences to resolve the dispute and have been unable to do so.

## II.  MOTION

Defendant Foremost Insurance Company ("Foremost") moves the Court for summary

judgment on the basis that there is no genuine dispute as to any material fact and Foremost is

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 1**

entitled to judgment as a matter of law. This motion is supported by the Declaration of Ronald J. Clark and exhibits thereto ("Clark Decl."), as well as the Memorandum of law below.

### III. MEMORANDUM

**A.     Introduction**

Plaintiff seeks coverage under his landlord dwelling policy for water damage at his rental house in Eugene after a City water main pipe located off his premises ruptured, sending water down a hillside and into to Plaintiff's rental house. Plaintiff made a claim against the Eugene Water and Electric Board ("EWEB"),[1] and also a claim under the insurance policy. Foremost investigated the claim, but denied coverage because damage to the house under these circumstances is excluded by two policy provisions. Also, the other damage items claimed by plaintiff in addition to the dwelling were not caused by an insured peril. Lastly, the "emergency repairs" claimed by plaintiff were already reimbursed to plaintiff by EWEB. Plaintiff also claims Foremost breached the implied covenant of good faith and fair dealing, but as discussed in detail below, that claim is duplicative of the breach of contract claim, and because the loss is not covered under the Foremost policy, the Implied Covenant claim should also fail.

///

///

///

---

[1] The claim against EWEB is now a civil lawsuit in Lane County Circuit Court, see Clark Decl., Ex. B.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 2**

**B.      Legal Standards**

**1.      Summary Judgment Standard**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2]  Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."[3]

**2.      Insurance Policy Interpretation**

When interpreting insurance contract provisions under Oregon law, courts look to the objective terms of the insurance contract to resolve issues of coverage.[4]  Just as with other contracts, the primary goal in construing insurance contracts is to determine the intent of the parties as expressed in the contract.[5]  Where the contract unambiguously expresses the intent to provide or not to provide coverage, the contract language is controlling.[6]  The initial burden of proving coverage is on the insured.[7]

---

[2] Fed. R. Civ. P. 56(c).

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548 (1986).

[4] *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or. 464, 836 P.2d 703 (1992).

[5] *Schutt v. Farmers Ins. Group*, 129 Or. App. 401, 404, 879 P.2d 1303, *rev denied*, 320 Or. 272 (1994).

[6] *Allstate Ins. v. State Farm Ins.*, 67 Or. App. 623, 627, 679 P.2d 879 (1984) (where contract language is not ambiguous, courts "will apply those terms and will not create coverage where none was intended by the contract").

[7] *Lewis v. Aetna Ins. Co.*, 264 Or. 314, 316, 505 P.2d 914, 915 (1973).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**Page 3**

## C.     Factual Background

On September 4, 2016, a water main owned by the EWEB burst, causing water to flow downhill onto premises owned by plaintiff and into the lower level of Plaintiff's rental dwelling located at 3948 Whitbeck Boulevard in Eugene, Oregon (the "Dwelling").[8] Plaintiff and Foremost Insurance Company ("Foremost") entered into a landlord dwelling policy for the period of February 5, 2016 to February 5, 2017 covering the Dwelling (the "Policy").[9]  The water caused some damage to the Dwelling and to the landscaping around the Dwelling.[10]

Plaintiff submitted a claim to Foremost, and soon after receiving notice of the claim, Foremost inspected the Dwelling.[11]  After its inspection, Foremost determined that the loss was excluded by two exclusions in the Policy, including loss caused by "surface water" and loss caused by "The conduct, act, failure to act or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault."[12]  Thus, Foremost denied Plaintiff's claim.[13]

Plaintiff did not agree with Foremost's denial of his claim, and filed this lawsuit.[14]

---

[8] Complaint at ¶¶ 2, 4, and 7.

[9] Clark Decl., Ex. A.

[10] Complaint at ¶ 8.

[11] *Id.* at ¶¶ 9 and 13-16.

[12] Clark Decl., Ex. A, p. 14.

[13] *Id.* at ¶ 17.

[14] *See* Complaint.  In his Complaint, Plaintiff alleges damages arising from Foremost's denial of coverage for damage to landscaping.  However, Plaintiff's counsel has acknowledged that

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 4**

**D.     Damage to the Dwelling is Excluded by the Policy**

There is no dispute in this case that the cause of Plaintiff's loss was water, which

entered plaintiff's dwelling after an EWEB water main off Plaintiff's premises burst.[15]

Indeed, Plaintiff's factual allegations against EWEB in his lawsuit against EWEB for the

same damages, expresses his understanding of the cause of the water damage:

> 4.     On or about September 4, 2016, an EWEB water main
> located off the Property burst causing water to intrude on the
> Property.
>
> 5.     The intrusion of water on the Property caused substantial
> damage to the structure and landscaping of the Property.
>
> *****
>
> 10.     The water main was under the exclusive control and
> management of Defendant [EWEB].
>
> 11.     The bursting of a water main is an event that does not
> ordinarily occur in the absence of someone's negligence.
>
> 12.     The negligence resulting in the water main bust (sic) is
> more probably than not attributable to the Defendant [EWEB].[16]

The dispute between the parties in this suit is whether the loss is excluded by two

exclusions in the policy, discussed in detail below.

///

---

Plaintiff is not entitled to coverage for damage to landscaping because the damage was not
caused by one of the enumerated perils that gives rise to such coverage.  Plaintiff has
indicated he will be filing an Amended Complaint to remove this damage item, but as of the
date of this Motion, the Amended Complaint has not yet been filed.

[15] Complaint at ¶ 7.

[16] See Complaint in *Veloz v. Eugene Water and Electric Board*, see Clark Decl., Ex. B.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 5**

Subject to its terms, limitations, and exclusions, the Policy provides coverage for plaintiff's dwelling against certain types of losses. The Policy contains the following relevant exclusions:

### SECTION 1 – Exclusions

We do not insure loss caused directly or indirectly by any of the following regardless of any other cause or event contributing concurrently or in any sequence to the loss:

*****

7.    Loss caused by:

a.  …., surface water, ...;

*****

This exclusion applies whether or not there was widespread damage and whether or not it was caused by human activity or an act of nature.

*****

17.    Loss caused by:

a.  The conduct, act, failure to act or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault.

b.  A defect, weakness, inadequacy, fault or unsoundness in:

(1)  Planning, zoning, development, surveying, siting;

(2)  Design, specifications, workmanship, construction, grading, compaction during construction;

(3)  Materials used in construction or repair; or

(4)  Maintenance;

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 6**

of any property, including but not limited to, land, structures, or improvements of any kind, whether or not on or off your **premises**.

***

This exclusion applies only if there is another cause of loss that is excluded by this policy.

*****

1.     **The damage to Plaintiff's Dwelling is excluded by Exclusion 7.a.**

Exclusion 7.a. excludes loss caused by "surface water," among other things.

Exclusion 7 specifically states, "This exclusion applies whether or not there was widespread

damage and *whether or not it was caused by human activity or an act of nature*."[17]

Here, the water that damaged the Dwelling originated from an EWEB pipe that burst

off plaintiff's premises and flowed down hill into the lower level of the Dwelling.  The

dispute between the parties is over the meaning of the term "surface water."  The Policy

specifically provides, "This exclusion applies . . . *whether or not it was caused by human

activity or an act of nature.*"[18]  Thus, while the source of the water was caused by human

activity, that being a water main break rather than a natural source, the exclusion applies.

The Oregon Supreme Court has analyzed the meaning of the term "surface water" in

the context of an insurance policy exclusion only once.  The policy at issue in that case

included different language that did not include surface water "caused by human activity."

In *Hatley v. Truck Ins. Exchange,* the court concluded, "The term 'surface water,'

---

[17] Emphasis added.

[18] Emphasis added.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 7**

particularly when used in conjunction with flood, waves, and tidal water, was intended to mean water 'diffused over the surface of the ground, derived from falling rains or melting snows.'"[19] As the Court can see, that early version of a surface water exclusion did not include the modifying language "*whether or not it was caused by human activity or an act of nature*" which is found in defendant's policy. The *Hatley* case was decided in 1972, and it was quoting language from the *Price* case in 1906. Insurance policy language on this surface water exclusion has evolved and been clarified since then. The surface water exclusion in this case is clearly broader than the surface water exclusion that was interpreted in the *Hatley* case. This change in the exclusionary language reflects an intent that the exclusion should apply to all damage by surface water, whether it was from rainfall or melting snow immediately before causing the damage, or whether it was water which escapes from a pipe, percolates to the surface as in this case and then causes the damage.

A federal court in Pennsylvania recently concluded that a policy's water exclusion included damage caused by surface water from man-made sources.[20] In *Citi Gas Convenience, Inc. v. Utica Mut. Ins. Co*, the plaintiff made an insurance claim for business interruption costs and property damage arising from a broken water main.[21] The insurer denied the claim as falling within the policy's exclusion for damage caused by "surface

---

[19] 261 Or. 606, 624 (1972) (quoting *Price v. Oregon Railroad Co.*, 47 Or. 350, 358, 83 P. 843, 846 (1906)).

[20] *Citi Gas Convenience, Inc. v. Utica Mut. Ins. Co.*, 2016 WL 492474, at *3 (E.D. Pa. Feb. 9, 2016).

[21] *Id*. at *1 (emphasis ours).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 8**

water."[22]  The policy excluded damages caused by surface water regardless of whether the surface water "is caused by an act of nature or *is otherwise caused.*"[23]  The case hinged on whether the policy's use of the term "surface water" could mean "water from natural sources only, or water from both natural and man-made sources."[24]

The plaintiff in *Citi Gas* argued that the term surface water was ambiguous and noted that four separate dictionary definitions of "surface water" all "use the word 'natural,' or 'naturally,' or cite examples of naturally occurring water."[25]  The court found plaintiff's arguments unavailing because of the policy language.  Finding that the plaintiff's argument ignored the language of the policy which modified the term "surface water" to include surface water from non-natural sources.[26]  Noting that, "the policy clearly and plainly excludes damage from 'surface water' that 'is caused by an act of nature or *is otherwise caused.*'"[27]  The court concluded that the exclusion for water damage applied to the plaintiff's claims, even though the burst water main was not caused by an act of nature.[28]

The language in the Foremost policy at issue similarly modifies dictionary definitions of "surface water" and excludes the plaintiff's property damage claims "whether or not [the

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at *3.

[25] *Id.*

[26] *Id.* at *4.

[27] *Id.*

[28] *Id.*

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 9**

surface water] was caused by human activity or an act of nature."  As a result we ask for this court to give effect to the language of the policy and find that the exclusion applies to the plaintiff's claims in this case.

The reasonable and objective interpretation of this policy language is that it was intended to exclude damage to insured property by surface water, even if that surface water was previously constrained in a water pipe and had escaped.  Interpreting the language otherwise, in the face of the express language in the exclusion would require ignoring the modifying language "*whether or not it was caused by human activity or an act of nature.*"

**2.     The damage to Plaintiff's Dwelling is excluded by Exclusion 17.**

**(a)     Exclusion 17.b. applies**

Exclusion 17.b. excludes loss caused by:

> b.  A defect, weakness, inadequacy, fault or unsoundness in:
>
> (1)  Planning, zoning, development, surveying, siting;
>
> (2)  Design, specifications, workmanship, construction, grading, compaction during construction;
>
> (3)  Materials used in construction or repair; or
>
> (4)  Maintenance;
>
> of any property, including but not limited to, land, structures, or improvements of any kind, whether or not on or off your premises.

///

///

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**Page 10**

EWEB was unable to determine what caused the pipe to break.[29]  According to

EWEB, prior to the pipe breaking, EWEB performed normal inspection procedures, and

there was no indication of a likelihood for failure of the water main.[30]  EWEB has no way of

knowing, even using normal inspection procedures, whether a pipe is likely to fail.[31]  The

pipe had a full circle break, which could have been caused by a number of things, including:

shifting soils, which tends to occur when the soils become saturated with water or begin to

dry after being wet and density of water, colder water is denser and can lead to full circle

breaks.[32]

While EWEB could not determine a specific cause of the water main break, the pipe

was made out of cast iron, which is a material that experiences more breaks than pipe made

out of ductile iron.[33]  In fact, EWEB has a strategic plan to replace cast iron piping with

ductile iron.[34]  Even though the exact cause of the water main break cannot be determined,

exclusion 17.b. applies because Plaintiff's loss was caused by defect, weakness, inadequacy,

or faulty workmanship/maintenance, etc., all of which are excluded causes of loss.

///

///

---

[29] Clark Decl., Ex. C, 14:13-16; 16:18-20 (pp. 2-3).

[30] *Id.* at 20:6-10 (p. 4).

[31] *Id.* at 20:13-18 (p. 4).

[32] *Id.* at 23:16-24:7 (pp. 5-6).

[33] *Id.* at 30:21-31:19 (pp. 7-8) and 35:23-36:11 (pp. 9-10).

[34] *Id.*

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 11**

(a)     **Exclusion 17.a. applies**

Exclusion 17.a. excludes loss caused by "The conduct, act, failure to act or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault."  This exclusion applies to preclude coverage for the loss due to any act or failure to act on the part of EWEB whether EWEB was negligent or without fault. EWEB decided to use cast iron when it installed the water main and decided not to replace the cast iron pipe with ductile iron, which is less prone to failure.[35]

By its terms, "This exclusion applies only if there is another cause of loss that is excluded by this policy."  As discussed above, Exclusion 7.a. applies, and thus, because the act or failure to act by EWEB caused the loss, exclusion 17.a. also applies.

**E.     Plaintiff is not Entitled to Coverage for Emergency Repair and Debris Removal**

**1.     Emergency repair and debris removal is not covered under the policy**

The Policy provides additional coverages for debris removal and emergency repairs after loss if it was caused by an Insured Peril.[36]  Debris Removal coverage applies to cover the "cost for removal of debris of insured property, other than trees, from your **premises** when deposited by an Insured Peril that applied to the insured property."[37]  Similarly, the

---

[35] *Id.*

[36] In this policy, the additional coverages for emergency repair and debris removal are subject to a different set of causes of loss than is the coverage for the Dwelling.  The Dwelling coverage is "all-risk," meaning physical loss within the policy period is covered unless excluded.  The additional coverages, however, must be caused by an "Insured Peril" and the insured perils are listed in the policy.

[37] Clark Decl., Ex. A, p. p (emphasis in original to indicate that "premises" is a term defined in the Policy).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**Page 12**

coverage for emergency repairs after loss, provides coverage for "emergency repairs incurred in protecting your insured property from further damage if the damage was caused by an Insured Peril."[38]

The Policy lists sixteen "Insured Perils."[39]  Only one of the sixteen "Insured Perils" comes close to applying to the facts of this loss:

### SECTION I – Insured Perils

We insure risk of direct, sudden and accidental physical loss to property described in Coverage A – Dwelling and Coverage B – Other Structures unless the loss is excluded elsewhere in this policy.  The loss must occur during the Policy Period shown on the Declarations Page.

We insure risk of direct, sudden and accidental physical loss to property insured by Coverage C – Personal Property.  The loss must occur during the Policy Period shown on the Declarations Page and be caused by any of the following perils unless the loss is excluded elsewhere in this policy.

*****

15.  Discharge, release or overflow of water or steam from plumbing, heating, or air conditioning systems, automatic fire protective sprinkler systems or domestic appliances.

But we do not insure loss:

a.  To the appliances or systems;

b.  Caused by accidental discharge or overflow which occurs off your **premises**; or

c.  Caused by or resulting from freezing except as provided in the peril of freezing.

---

[38] *Id.* at p. 9.

[39] Clark Decl., Ex. A pp. 10-12.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 13**

> For purposes of this peril, plumbing systems do not
> include sumps or sump pumps and related equipment and
> piping.[40]

                    *****

As discussed above, there is no dispute that the loss was caused by a discharge of

water that occurred off Plaintiff's premises.  Since the off premises discharge of water is not

an insured peril, debris removal and emergency repair coverage will not extend to damage

caused by that discharge.

**2.      Even if there were coverage for emergency repair and debris removal, Plaintiff has already received payments from EWEB for these services**

As discussed above, Plaintiff was not entitled to emergency repair and debris removal

coverage under the policy because they were not incurred due to an Insured Peril.  In

addition, if emergency repair or debris removal coverage were contractually owed to

Plaintiff, he has not incurred any such expenses because EWEB has paid the insured for

those expenses.  That being the case, to provide coverage for these expenses would result in a

windfall to the plaintiff.[41]

**F.     Plaintiff's Breach of the Duty of Good Faith and Fair Dealing Claim is without Merit**

Plaintiff's breach of the duty of good faith and fair dealing claim is duplicative of its

claim for breach of contract.  Oregon law does not allow for tort liability in the first-party

///

///

---

[40] Clark Decl., Ex. A, p. 12.

[41] Clark Decl., Ex. E, 25:24-26:20 (pp. 2-3); Clark Decl., Ex. F.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 14**

context.[42]  In *Farris v. U.S. Fid. and Guar. Co.*,[43] the insured tendered defense of a lawsuit to its insurer.  The insurer denied the claim without any justification and noted in the claim file "let's bluff it out we can always buy out at a later date."  After the insured settled the underlying action, it sued its insurer.  Despite the insurance company's egregious behavior, the Oregon Supreme Court concluded that the denial of coverage only constituted a breach of contract, not a tort action.  In so holding, the Court distinguished between first-party and third-party insurance claims.

In *Bennett v. Farmers Ins. Co.*,[44] the Oregon Supreme Court expanded on the distinction between first-party and third- party claims.  There, the insured argued that a special relationship existed—which allowed for tort liability against the insurance company—because Farmers had exerted more and more control over the insured's financial interests.  The Court disagreed, emphasizing that the focus of the "special relationship" was on the nature of the relationship, not the subject matter of the relationship.  The court noted that a typical "special relationship" is created when an insurance company undertakes to defend its insured and exerts complete control over the litigation.  In a first-party context, however, an insurer's liability to its insured is limited to breach of contract claims.

Even if a special relationship existed in a first-party context, which it does not in Oregon, mere denial of a claim is not enough to establish a breach of the duty of good faith

///

---

[42] *See, e.g,. Santilli v. State Farm*, 278 Or. 53, 562 P.2d 965 (1977); *Farris v. U.S. Fid. and Guar. Co.*, 284 Or. 453, 587 P.2d 1015 (1978).

[43] 284 Or. 453, 587, P.2d 1015 (1978).

[44] 332 Or. 138, 26 P.3d 785 (2001).

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Page 15**

and fair dealing.  Summary judgment against Plaintiff's claim for breach of the duty of good faith and fair dealing is appropriate.

## IV.  CONCLUSION

Based on the foregoing, Foremost respectfully requests that the Court grant its motion for summary judgment.

DATED:  October 20, 2017

BULLIVANT HOUSER BAILEY PC

By   _/s/ Ronald J. Clark_
**Ronald J. Clark**, OSB #880328
Telephone: 503.228.6351
Attorneys for Defendant

4825-4726-2289.1 00132/01511

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**Page 16**