**Ronald J. Clark**, OSB #880328
E-mail:   ron.clark@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SABINO VELOZ,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,<br><br>　　　　　　　　Defendant. | Civil No.: 6:17-cv-00382-AA<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I.  INTRODUCTION

Defendant Foremost Insurance Company ("Foremost") respectfully submits this Response to Plaintiff's Motion for Partial Summary Judgment.

///

///

///

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 1**

## II. FACTS

The facts giving rise to this insurance coverage dispute are largely agreed upon. The parties disagree over whether two exclusions in the Landlord Dwelling Policy (the "Policy") issued by Foremost apply to Plaintiff's loss.

Plaintiff seeks coverage under the Policy for water damage at his rental house in Eugene after a City water main located off his premises ruptured, sending water down a hillside and into Plaintiff's rental house. Plaintiff submitted a claim to Foremost, and soon after receiving notice of the claim, Foremost inspected the Dwelling.[1] After its inspection, Foremost concluded that two exclusions applied to the damage to the dwelling, including loss caused by "surface water" and loss caused by "The conduct, act, failure to act or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault."[2] Also, the other damaged items claimed by Plaintiff in addition to the dwelling were not caused by an insured peril. Thus, Foremost denied Plaintiff's claim.[3]

///
///
///
///
///

---

[1] Complaint at ¶¶ 9 and 13-16.

[2] Clark Decl. in support. of Pl.'s Mot. For Summ. J. (ECF No. 9), Ex. A, p. 14.

[3] *Id.* at ¶ 17.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 2**

Plaintiff did not agree with Foremost's denial of his claim, and filed this lawsuit.[4] In addition to filing this claim against Foremost, Plaintiff filed a lawsuit against EWEB,[5] which Plaintiff recently settled in exchange for $15,000.[6] That is in addition to the $11,060.98 advancement of funds previously received by Plaintiff from EWEB. In total, Plaintiff has had $26,060 of his damages reimbursed by EWEB.

### III. ARGUMENT

**A.  The Claimed Damage to Plaintiff's Dwelling is Not Covered Due to the Surface Water Exclusion**

In his Motion for Partial Summary Judgment, Plaintiff asserts that Foremost relied upon individually named Insured Peril 15 in denying his claim for damage to Plaintiff's rental house.[7] That is not correct. Foremost contends that Insured Peril 15 only applies to preclude coverage for emergency repairs and debris removal. That is because the coverage for emergency repairs and debris removal requires that they have been damaged due to an Insured Peril.

///

---

[4] *See* Complaint. In his Complaint, Plaintiff alleges damages arising from Foremost's denial of coverage for damage to landscaping. However, Plaintiff's counsel has acknowledged that Plaintiff is not entitled to coverage for damage to landscaping because the damage was not caused by one of the enumerated perils that gives rise to such coverage. Plaintiff has indicated he will be filing an Amended Complaint to remove this damage item, but as of the date of this Motion, the Amended Complaint has not yet been filed.

[5] The claim against EWEB is now a civil lawsuit in Lane County Circuit Court, see Clark Decl. in support. of Pl.'s Mot. For Summ. J. (ECF No. 9), Ex. B.

[6] Declaration of Ronald Clark in Support of Defendant's Response to Plaintiff's Motion for Summary Judgment ("Clark Decl."), Ex. A.

[7] Plaintiff's Motion for Partial Summary Judgment at 4.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 3**

With respect to coverage for damage to Plaintiff's rental house, Foremost contends that Exclusion 7.a. applies. Foremost notes that Exclusion 17 may also apply if Exclusion 7.a. applies.

Exclusion 7.a. provides:

> **SECTION 1 – Exclusions**
>
> We do not insure loss caused directly or indirectly by any of the following regardless of any other cause or event contributing concurrently or in any sequence to the loss:
>
> *****
>
> 7. Loss caused by:
>
>    a. …., surface water, ...;
>
> *****
>
> This exclusion applies whether or not there was widespread damage and whether or not it was caused by human activity or an act of nature.

Plaintiff asks the Court to find that the term "surface water" in the Policy is ambiguous and to use the dictionary definition of the term. However, the Oregon Supreme Court has explained, "'a term is ambiguous * * * *only* if two or more plausible interpretations of that term withstand scrutiny, *i.e.*, continue[ ] to be reasonable,' despite our resort to the interpretive aids outlined above."[8] The surface water exclusion in the Policy is not ambiguous; it is susceptible to only one reasonable meaning – it excludes damage from "surface water" "whether or not it was caused by human activity or an act of nature." The

---

[8] *Holloway v. Republic Indem. Co. of Am.*, 341 Or. 642, 650, 147 P.3d 329, 334 (2006) (citing *Hoffman*, 313 Or. at 470, 836 P.2d 703).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 4**

meaning of the term "surface water" as described in the policy is different than the dictionary definition of "surface water" because the policy provides that it constitutes surface water whether it is naturally occurring or due to human activity. The fact that the policy describes "surface water" differently than the way it is defined in some dictionaries does not make it ambiguous or unclear. Indeed, it might be ambiguous if the policy did *not* explain that it remained surface water whether naturally occurred or human caused.

Plaintiff cites to *Hatley v. Truck Ins. Exchange* to support his contention that the term surface water "was intended to mean water 'diffused over the surface of the ground, derived from failing rains or melting snows.'"[9] There is a critical distinction between the surface water exclusion in the *Hatley* policy and the exclusion in this Policy. In *Hatley,* the policy excluded loss caused by "surface water," but did not include the language found in the Foremost definition of "surface water": "This exclusion applies . . . whether or not it was caused by human activity or an act of nature[,]." This distinction makes the *Hatley* Court's ruling inapplicable to the interpretation of the surface water exclusion at issue here.

A federal court in Pennsylvania recently concluded that a policy's surface water exclusion similar to the one in the Foremost policy included damage caused by surface water from man-made sources.[10] In *Citi Gas Convenience, Inc. v. Utica Mut. Ins. Co*, the plaintiff made an insurance claim for business interruption costs and property damage arising from a

///

---

[9] *Hatley v. Truck Ins. Exch.*, 261 Or. 606, 624, 495 P.2d 1196, 1197 (1972).

[10] *Citi Gas Convenience, Inc. v. Utica Mut. Ins. Co.*, 2016 WL 492474, at *3 (E.D. Pa. Feb. 9, 2016).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 5**

broken water main.[11] The insurer denied the claim as falling within the policy's exclusion for damage caused by "surface water."[12] The policy excluded damages caused by surface water regardless of whether the surface water "is caused by an act of nature or *is otherwise caused.*"[13] The case hinged on whether the policy's use of the term "surface water" could mean "water from natural sources only, or water from both natural and man-made sources."[14]

The plaintiff in *Citi Gas* argued that the term surface water was ambiguous and noted that four separate dictionary definitions of "surface water" all "use the word 'natural,' or 'naturally,' or cite examples of naturally occurring water."[15] The court found plaintiff's arguments unavailing because of the policy language, finding that the plaintiff's argument ignored the language of the policy which modified the term "surface water" to include surface water from non-natural sources.[16] Noting that, "the policy clearly and plainly excludes damage from 'surface water' that 'is caused by an act of nature or *is otherwise caused,*'"[17] the court concluded that the exclusion for water damage applied to the plaintiff's claims, even though the burst water main was not caused by an act of nature.[18]

---

[11] *Id*. at *1 (emphasis ours).

[12] *Id*.

[13] *Id*.

[14] *Id*. at *3.

[15] *Id*.

[16] *Id*. at *4.

[17] *Id*.

[18] *Id*.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 6**

The language in the Foremost policy at issue similarly modifies dictionary definition of "surface water" and excludes property damage claims "whether or not [the surface water] was caused by human activity or an act of nature."

The only reasonable and objective interpretation of this policy language is that it excludes damage to insured property by surface water, even if that surface water was previously constrained in a water pipe and had escaped. Interpreting the language otherwise, in the face of the express language in the exclusion, would require ignoring the modifying language *"whether or not it was caused by human activity or an act of nature."* Accordingly, Defendant respectfully request this Court give effect to the language of the Policy and find that the exclusion applies to Plaintiff's claims in this case.

**B.  Exclusion 17 excludes the Damage to Plaintiff's Dwelling**

    **(a)  Exclusion 17.a. applies**

Exclusion 17.a. excludes loss caused by "The conduct, act, failure to act or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault." This exclusion applies to preclude coverage for the loss due to any act or failure to act on the part of EWEB whether EWEB was negligent or without fault. EWEB decided to use cast iron when it installed the water main and decided not to replace the cast iron pipe with ductile iron, which is less prone to failure.[19]

    **(b)  Exclusion 17.b. applies**

Exclusion 17.b. excludes loss caused by:

---

[19] Clark Decl. in support of Pl.'s Mot. For Summ. J. (ECF No. 9), Ex. C, at 30:21-31:19 (pp. 7-8) and 35:23-36:11 (pp. 9-10).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 7**

      b. A defect, weakness, inadequacy, fault or unsoundness in:

        (1) Planning, zoning, development, surveying, siting;

        (2) Design, specifications, workmanship, construction, grading, compaction during construction;

        (3) Materials used in construction or repair; or

        (4) Maintenance;

of any property, including but not limited to, land, structures, or improvements of any kind, whether or not on or off your premises.

EWEB was unable to determine what caused the pipe to break.[20] According to EWEB, prior to the pipe breaking, EWEB performed normal inspection procedures, and there was no indication of a likelihood for failure of the water main.[21] EWEB has no way of knowing, even using normal inspection procedures, whether a pipe is likely to fail.[22] The pipe had a full circle break, which could have been caused by a number of things, including: shifting soils, which tends to occur when the soils become saturated with water or begin to dry after being wet or density of water; colder water is denser and can lead to full circle breaks.[23]

///

---

[20] *Id.* at 14:13-16; 16:18-20 (pp. 2-3).

[21] *Id.* at 20:6-10 (p. 4).

[22] *Id.* at 20:13-18 (p. 4).

[23] *Id.* at 23:16-24:7 (pp. 5-6).

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 8**

While EWEB could not determine a specific cause of the water main break, the pipe was made out of cast iron, which is a material that experiences more breaks than pipe made out of ductile iron.[24] In fact, EWEB has a strategic plan to replace cast iron piping with ductile iron.[25] Even though the exact cause of the water main break cannot be determined, exclusion 17.b. applies because Plaintiff's loss was caused by defect, weakness, inadequacy, or faulty workmanship/maintenance, etc., all of which are excluded causes of loss.

**C.    Debris Removal and Mitigation Expenses are not Covered because the Damage was not caused by an "Insured Peril" and Plaintiff did not Incur any Mitigation Expense**

   **1.    The damage to the dwelling was not caused by an Insured Peril and thus mitigation expenses are not covered**

The Policy provides additional coverages for debris removal and emergency repairs after a loss if it was caused by an Insured Peril.[26] Debris Removal coverage applies to cover the "cost for removal of debris of insured property, other than trees, from your **premises** when deposited by an Insured Peril that applied to the insured property."[27] Similarly, the coverage for emergency repairs after loss provides coverage for "emergency repairs incurred

///

---

[24] *Id.* at 30:21-31:19 (pp. 7-8) and 35:23-36:11 (pp. 9-10).

[25] *Id.*

[26] In this policy, the additional coverages for emergency repair and debris removal are subject to a different set of causes of loss than is the coverage for the Dwelling. The Dwelling coverage is "all-risk," meaning physical loss within the policy period is covered unless excluded. The additional coverages, however, must be caused by an "Insured Peril" and the insured perils are listed in the policy.

[27] Clark Decl. in supp. of Pl.'s Mot. for Summ. J. (ECF No. 9), Ex. A, p. 9 (emphasis in original to indicate that "premises" is a term defined in the Policy).

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 9**

in protecting your insured property from further damage if the damage was caused by an Insured Peril."[28]

The Policy lists sixteen "Insured Perils."[29] Only one of the sixteen "Insured Perils" comes close to applying to the facts of this loss:

> **SECTION I – Insured Perils**
>
> We insure risk of direct, sudden and accidental physical loss to property described in Coverage A – Dwelling and Coverage B – Other Structures unless the loss is excluded elsewhere in this policy. The loss must occur during the Policy Period shown on the Declarations Page.
>
> We insure risk of direct, sudden and accidental physical loss to property insured by Coverage C – Personal Property. The loss must occur during the Policy Period shown on the Declarations Page and be caused by any of the following perils unless the loss is excluded elsewhere in this policy.
>
> *****
>
> 15. Discharge, release or overflow of water or steam from plumbing, heating, or air conditioning systems, automatic fire protective sprinkler systems or domestic appliances.
>
>    But we do not insure loss:
>
>    a. To the appliances or systems;
>
>    b. Caused by accidental discharge or overflow which occurs off your **premises**; or
>
>    c. Caused by or resulting from freezing except as provided in the peril of freezing.

///

---

[28] *Id.* at p. 9.

[29] *Id.* at pp. 10-12.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 10**

> For purposes of this peril, plumbing systems do not include sumps or sump pumps and related equipment and piping.[30]

*****

As discussed above, there is no dispute that the loss was caused by a discharge of water that occurred off Plaintiff's premises.[31] Since the off-premises discharge of water is not an insured peril, debris removal and emergency repair coverage will not extend to damage caused by that discharge.

### 2. Plaintiff did not incur any mitigation expense, and thus, there is no coverage

As discussed above, Plaintiff was not entitled to emergency repair and debris removal coverage under the Policy because no such expenses were incurred due to an Insured Peril. The Policy specifically provides, "We will pay any actual, reasonable and necessary expenses for emergency repairs **incurred** in protecting your insured property from further damage . . ."[32] If emergency repair or debris removal coverage were contractually owed to Plaintiff, he has not incurred any such expenses because EWEB has paid those expenses. A

///

///

///

///

---

[30] *Id.* at p. 12.

[31] Plaintiff's Motion for Partial Summary Judgment, p. 2, ¶¶ 7-9.

[32] Clark Decl. in support. of Pl.'s Mot. For Summ. J. (ECF No. 9), Ex. A, p. 9 (emphasis added).

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 11**

policyholder may not recover covered expenses that it did not incur.[33] To provide coverage for these expenses would result in a windfall to Plaintiff.[34]

## IV. CONCLUSION

Based on the foregoing, Foremost respectfully requests that the Court deny Plaintiff's Motion for Partial Summary Judgment and enter summary judgment in favor of Foremost instead.

DATED: November 8, 2017

                                          BULLIVANT HOUSER BAILEY PC

                                          By   */s/ Ronald J. Clark*
                                                  **Ronald J. Clark**, OSB #880328
                                                  Telephone: 503.228.6351
                                                  Attorneys for Defendant

4814-2734-1650.1 00132/01511

---

[33] *See Hoffman v. Foremost Signature Ins. Co.*, 989 F. Supp. 2d 1070, 1084–85 (D. Or. 2013) (granting summary judgment on insured's claim for ordinance and law coverage where the insured "did not incur any relevant 'ordinance or law' expenses.").

[34] Clark Decl. in support. of Pl.'s Mot. For Summ. J. (ECF No. 9), Ex. E, 25:24-26:20 (pp. 2-3); Ex. F.

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Page 12**