**Ronald J. Clark**, OSB #880328
E-mail:   ron.clark@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SABINO VELOZ,<br><br>                           Plaintiff,<br><br>          v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,<br><br>                           Defendant. | Civil No.: 6:17-cv-00382-AA<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant Foremost Insurance Company ("Foremost") submits this Reply in support of its Motion for Summary Judgment and respectfully requests that the Court grant Foremost's Motion for Summary Judgment and deny Plaintiff's Motion for Partial Summary Judgment.

///

///

**Bullivant|Houser|Bailey PC**

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 1**

# I. ARGUMENT

A.     Exclusion 7 Applies to Preclude Coverage

Exclusion 7 provides:

> **SECTION 1 – Exclusions**
>
> We do not insure loss caused directly or indirectly by any of the following regardless of any other cause or event contributing concurrently or in any sequence to the loss:
>
> *****
>
> 7.     Loss caused by:
>
>     a. …., surface water, ...;
>
> *****
>
> This exclusion applies whether or not there was widespread damage and whether or not it was caused by human activity or an act of nature.

Plaintiff argues that the phrase "This exclusion applies whether or not there was widespread damage and whether or not it was caused by human activity or an act of nature[]" does not change the definition of the term "surface water." In reaching that conclusion, Plaintiff cites the correct "aids of interpretation" that Oregon courts use in interpreting policies, but then mis-applies those aids.

Plaintiff's argument that "[e]ach of these terms is a natural source of water, particularly when grouped together[]" misses the point because it ignores the remainder of the exclusion. Plaintiff's proposed interpretation of the term "surface water" in exclusion 7 would render meaningless the balance of the exclusion which expressly says, "This exclusion applies whether or not there was widespread damage and whether or not it was caused by human activity or an act of nature." Oregon courts "assume that parties to an insurance

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 2**

contract do not create meaningless provisions."[1] A proposed interpretation which ignores portions of the exclusion is not correct contract interpretation.

Plaintiff claims that *Hatley v. Truck Ins. Exch.*[2] supports his interpretation of the term "surface water," but as Plaintiff acknowledges, the "Human Activity Clause makes the exclusion broader than when *Hatley* was decided in 1972[.]"[3] The exclusion in the Foremost policy at issue *is* broader than the exclusion at issue in *Hatley* and the meaning of the term "surface water" is likewise broader due to the inclusion of the phrase "This exclusion applies. . . whether or not it was caused by human activity or an act of nature." In other words, the *Hatley* court's interpretation of the phrase "surface water" is inapplicable here because the policy language at issue here is much broader than the language at issue in *Hatley*.

Plaintiff criticizes the *Citi Gas Convenience, Inc. v. Utica Mut. Ins. Co.*[4] court's analysis and proclaims that the court wrongly decided the case, but provides no authority contradicting that court's conclusion. The language in the Foremost policy which clarifies that surface water causing damage is an excluded cause of loss whether it is naturally occurring or due to human activity must be given meaning. And a contrary interpretation of

---

[1] *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 472, 836 P.2d 703, 707 (1992) (citing *New Zealand Ins. v. Griffith Rubber*, 270 Or. 71, 75, 526 P.2d 567 (1974) (an insurance policy is to be reasonably interpreted "so that no part of it is ignored and effect can be given to every word and phrase")).

[2] 261 Or. 622 (1972).

[3] Response at 5.

[4] 2016 WL 492474, at *3 (E.D. Pa. Feb. 9, 2016).

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 3**

the exclusion to mean it only applies to "naturally occurring" surface water would not be a reasonable interpretation in light of the actual language of the exclusion. Based on the language of the exclusion, fairly interpreted, the damage to the dwelling in this case was not due to a covered cause of loss.

B.      **Emergency Repair and Debris Removal**

Plaintiff's argument that "If Exclusion #7 does not apply to Plaintiff's loss, then the direct, sudden, and accidental physical loss to the structure caused by the escaped water from EWEB's burst water main is an Insured Peril that triggers the additional coverages for emergency repairs/mitigation and debris removal expense[]"[5] is not correct. The coverage analysis for this additional coverage under the policy is different than for damage to the dwelling.

As discussed in detail in Defendant's Motion for Summary Judgment,[6] emergency repairs and debris removal is only covered if the loss was caused by an "Insured Peril." Since the off-premises discharge of water is not an Insured Peril, debris removal and emergency repair coverage will not extend to damage caused by that discharge.

More importantly, any expenses incurred by plaintiff for emergency repair or debris removal were already paid to plaintiff by EWEB.[7] Plaintiff is seeking a double recovery here on these items. Plaintiff ought not be permitted to profit from this loss by recovering twice for the same expenses.

---

[5] Response at 13.

[6] ECF No. 8 at pp. 12-14.

[7] Clark Decl. (ECF No. 9), Ex. E, 25:24-26:20 (pp. 2-3); Clark Decl. (ECF No. 9), Ex. F.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 4**

C. **Exclusion 17**

Plaintiff is correct that Exclusion 17 only applies if there is another applicable exclusion. Exclusion 7 is the other applicable exclusion. With respect to the applicability of Exclusion 17, Foremost relies on its argument in its Motion for Summary Judgment.

## II. CONCLUSION

Based on the foregoing and for the reasons set forth in its Motion for Summary Judgment, Foremost respectfully requests that the Court grant its motion for summary judgment and deny Plaintiff's Motion for Partial Summary Judgment.

DATED: November 22, 2017

BULLIVANT HOUSER BAILEY PC


By  */s/ Ronald J. Clark*
 **Ronald J. Clark**, OSB #880328
 Telephone: 503.228.6351
 Attorneys for Defendant

4817-6398-5749.1 00132/01511

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 5**